IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 22-cv-02847-RMR-SKC

RICHARD RRA-SHADA,

    Plaintiff,

v.

KING SOOPERS and
JAMES SCOTT BRINSON,

    Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
(DKT. 19) & DEFENDANTS' CORRECTED MOTION TO DISMISS (DKT. 14)**

---

This lawsuit, filed by Plaintiff Richard Rra-Shada, who proceeds *pro se*, centers on Plaintiff's employment by Defendant King Soopers and apparent management of Plaintiff by Defendant James Scott Brinson (together, Defendants). *See generally,* Dkt. 19.[1] The Court understands the First Amended Complaint (FAC) claims Defendants are liable for intentionally inflicting emotional distress, violating Plaintiff's civil rights, breaching an employment contract, and seeks declaratory relief in the form of "a judicial determination of his rights and duties" concerning the three

---

[1] The Court uses "Dkt. ___" to refer to docket entries in CM/ECF.

substantive claims. *Id.* at pp.2-3. He also seeks damages. *Id.* at p.3.

This Recommendation addresses the following:

(i) Defendants' Corrected Motion to Dismiss (Corrected Motion), Dkt. 14, along with Plaintiff's Response to the Corrected Motion,[2] Dkt. 18. Defendants did not file a reply; and

(ii) Defendants' Motion to Dismiss First Amended Complaint (Motion to Dismiss), Dkt. 19, along with Plaintiff's Response to the Motion to Dismiss,[3] Dkt. 23. Defendants did not file a reply.

District Judge Regina M. Rodriguez referred each of the motions to the Magistrate Judge for a recommendation. *See* Dkts. 15, 20.

The Court carefully reviewed the Motions and associated briefing, the Complaint, and applicable law. No hearing is necessary. For the reasons set forth below, the Court RECOMMENDS that the Motion to Dismiss be GRANTED, and the Corrected Motion be DENIED AS MOOT.[4]

---

[2] Plaintiff titled his Response as "First Reply to Defendants' Motion to Dismiss," despite the fact that the filing is, in fact, a response brief. *See* Dkt. 18.

[3] As with Plaintiff's Response to the Corrected Motion, Plaintiff also labelled his Response to the Motion to Dismiss as "Reply to Defendants' Motion to Dismiss First Amended Complaint." *See* Dkt. 23.

[4] The Court recommends finding this Motion moot based on the filing of the FAC. While the timing of the filing of the FAC under Fed. R. Civ. P. 15 is questionable when considering the differing service-of-process dates pertaining to each Defendant, no Defendant opposed the filing of the FAC, and therefore, the Court finds any objections to its filing have been waived. This finding is bolstered by the Defendants'

## STANDARD OF REVIEW

### Pro Se Litigants

Plaintiff proceeds *pro se*; thus, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Rule 12(b)(1) Standard for Subject Matter Jurisdiction

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Under Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's subject matter jurisdiction is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng' rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint' s allegations or it may challenge the facts upon which subject

---

joint filing of their Motion to Dismiss the FAC.

matter jurisdiction depends. *Id*. at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

### Rule 12(b)(6) Standard for Failure to State a Claim

In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard requires more than the mere possibility that a defendant has acted unlawfully. *Id*. Facts that are "merely consistent" with a defendant's liability are insufficient. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "Nevertheless, the standard remains a liberal one, and 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 WL 1130624, at *1 (D. Colo. Mar. 18, 2013) (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff originally filed a *pro se* complaint on September 26, 2022, in small claims court in the state courts of Colorado. Dkt. 1, Ex. 2. On October 31, 2022, Defendants removed the case to this Court alleging jurisdiction based upon 28 U.S.C. § 1331. Dkt. 1.

5

In the FAC, Plaintiff alleges he is an employee of King Soopers. Dkt. 11, ¶5. He alleges Defendants "engaged in inappropriate workplace conduct----unfair scheduling, creating a hostile work environment, and a disregard for Plaintiff's personal safety, medical needs, doctors' appointments, and rehabilitative therapy appointments, using a pattern of extreme and outrageous conduct and reckless disregard . . . ." *Id.* at ¶8. Plaintiff states he "suffered emotional harm and exposure to physical pain . . . ." *Id.* at ¶10. He further alleges "Defendants utilized an unfair labor practice with a central focus on scheduling (Select-A-Shift) to hinder and interfere with Plaintiff's doctors' appointments and physical therapy appointments." *Id.* at ¶12.

Plaintiff claims four causes of action. First, he seeks declaratory relief, asking for "a judicial determination of his rights and duties with respect to the allegations and claims set out in (Paragraphs 8 through 12) and all causes of action alleged thereafter in this **FIRST AMENDED COMPLAINT**." *Id.* at ¶9. Second, he alleges intentional infliction of emotional distress. *Id.* at ¶10. Third, Plaintiff claims "[n]eglect[ion] and violat[ion] [of] Plaintiff's Civil Rights and natural rights . . . ." *Id.* at ¶11. Fourth, Plaintiff alleges breach of employment agreement. *Id.* at ¶12.

## ANALYSIS

Defendants first argue in their Motion to Dismiss that this Court lacks subject matter jurisdiction over Plaintiff's breach of employment agreement claim. They next argue that all of Plaintiff's claims fail pursuant to Rule 12(b)(6) for failing to state a

6

claim upon which relief may be granted.[5] The Court agrees with Defendants.

## I. Plaintiff Fails to Establish This Court Has Subject Matter Jurisdiction Over His Breach of Employment Claim

Plaintiff alleges that his breach of employment claim arises solely from "Defendants utiliz[ing] an unfair labor practice with a central focus on scheduling (Select-A-Shift) to hinder and interfere with Plaintiff's doctors' appointments and physical therapy appointments." Dkt. 11, ¶12. The National Labor Relations Board, however, has exclusive jurisdiction over unfair labor practices protected or prohibited by the National Labor Relations Act, and this Court does not have subject matter jurisdiction. *See Cumpston v. Dyncorp Tech. Serv., Inc.*, 76 F. App'x 861, 865 (10th Cir. 2003). Importantly, Defendants assert that Plaintiff is a member of a union that has a collective bargaining agreement with Defendant King Soopers. Dkt. 19, Ex. 1. And Plaintiff apparently concedes this fact based upon his submission of a letter from the union to Plaintiff that explained why the union was no longer pursuing a grievance against King Soopers on his behalf. *See* Dkt. 23, Ex. 1.

Plaintiff has failed to rebut Defendants' argument that this Court does not have subject matter jurisdiction. *See generally* Dkt. 23. And it is Plaintiff's burden to demonstrate this Court's jurisdiction. *See Montoya*, 296 F.3d at 955. This Court,

---

[5] Defendants also argue that Section 301 of the Labor Management Relations Act preempts certain of Plaintiff's causes of action. *Id.* at pp.7-9. Because the Court already recommends dismissing the claims based upon Rule 12(b)(1) and/or Rule 12(b)(6) grounds, the Court does not address Defendants' preemption argument.

construing the Complaint liberally, *see Haines*, 404 U.S. at 520-21, has also not found any authority suggesting that Defendants' argument is unsupported.

Thus, the Court finds that it does not have subject matter jurisdiction over Plaintiff's breach of employment contract claim. The Court RECOMMENDS that Plaintiff's Fourth Cause of Action alleging Breach of Employment Agreement be DISMISSED.

## II. Plaintiff Fails to State Claims Upon Which Relief May Be Granted for His Remaining Claims

The Court finds Plaintiff has not made sufficient factual allegations to support his first, second, or third causes of action by which he seeks a declaration of his rights, a finding Defendants intentionally inflicted emotional distress upon him, or a finding that Defendants violated his civil rights. The FAC is almost utterly devoid of factual allegations as opposed to conclusory statements. *See Bell Atlantic*, 550 U.S. at 555. For example, in the one paragraph setting forth his declaratory relief cause of action, the FAC states nothing factual. *See* Dkt. 11, ¶9.

In the paragraph setting forth his intentional infliction of emotional distress cause of action, the FAC alleges only Plaintiff was "expos[ed] to physical pain----misery," and states the conclusion he "suffered emotional harm." *Id.* at ¶10. Nor does Paragraph 8 of the Complaint, with its allegations of "unfair scheduling, creating a hostile work environment, and a disregard for Plaintiff's personal safety, medical needs, doctors' appointments, and rehabilitative therapy appointments . . . ," add

8

sufficient factual allegations to plausibly allege Plaintiff's claims for relief. *See id.* at ¶8. Nothing alleged tells Defendants "what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *See Nasious*, 492 F.3d at 1163.

Concerning the alleged violation of his civil rights, the Court generously construes the one paragraph to allege that Plaintiff twice requested medical assistance that Defendants did not summon. *See id.* at ¶11. The remainder of the paragraph consists of other conclusory statements, not factual statements, which the Court must ignore. *See Bell Atlantic*, 550 U.S. at 555. Indeed, the Complaint is devoid of any statement to even suggest that Plaintiff is a member of a protected class, which the Court would expect to see in a complaint alleging civil rights violations. *See generally* Dkt. 11.

Consequently, the Court RECOMMENDS that Plaintiff's first, second, and third causes of action also be DISMISSED.[6]

---

[6] The allegations concerning his breach of employment agreement cause of action, if not dismissed for lack of subject matter jurisdiction, similarly fail pursuant to Rule 12(b)(6). The one paragraph dedicated to this cause of action simply states, "Defendants utilized an unfair labor practice with a central focus on scheduling (Select-A-Shift) to hinder and interfere with Plaintiff's doctors' appointments and physical therapy appointments." Dkt. 11, ¶12. As with the other causes of action, this statement fails to provide Defendants with sufficient allegations to identify the when, where, what, why and how they allegedly breached the employment agreement. *See Nasious*, 492 F.3d at 1163.

\* \* \*

For the reasons shared above, the Court RECOMMENDS that each of Plaintiff's claims against Defendant King Soopers and Defendant James Scott Brinson be DISMISSED, and that Defendants' Motion to Dismiss be GRANTED.[7] The Court further RECOMMENDS the Corrected Motion be DENIED AS MOOT.

DATED: September 2, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[7] **Be advised the parties have 14 days after service of this recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.** *United States v. Raddatz*, **447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.** *Thomas v. Arn*, **474 U.S. 140, 155 (1985);** *Moore v. United States*, **950 F.2d 656, 659 (10th Cir. 1991).**